# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Debbie Lou Batta,                                            Civil No. 11-293 (SRN/LIB)

        Plaintiff,                                    MEMORANDUM AND ORDER

v.

Michael J. Astrue
Commissioner of Social Security,

        Defendant.

_____

Debbie Lou Batta, 10855 6th Street Northeast, Blaine, Minnesota 55434, Pro Se

David W. Fuller, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, Minnesota 55415, for Defendant.
_____

SUSAN RICHARD NELSON, United States District Judge

       This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Leo I. Brisbois dated January 31, 2012 [Doc. No. 19]. In the R&R, Magistrate Judge Brisbois recommended that this Court deny Plaintiff's Motion for Summary Judgment, and grant Defendant's Motion for Summary Judgment. Plaintiff filed timely objections to the R&R [Doc. No. 21], and Defendant responded to those objections [Doc. No. 22].

       According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court adopts the R&R.

## I.       BACKGROUND

The full factual background of this Social Security matter is set forth in the thorough

R&R.  In brief, Plaintiff Debbie Lou Batta applied for Social Security disability insurance

benefits and supplemental security income for an alleged disability with an onset date of

September 2004.  Her impairments include coronary artery disease, with history of stent

placement, hypertension, degenerative disc and joint disease of the spine, and chronic low back

pain.  (See ALJ Decision at 3 [Doc. No. 7-2 at 11].)

As required by statute, the Commissioner convened a hearing before an Administrative

Law Judge ("ALJ") to determine whether Plaintiff should receive benefits.  At this hearing, the

ALJ heard testimony from Plaintiff and Vocational Expert ("VE") Juletta Harren.   In his

December 1, 2008 decision, the ALJ acknowledged Plaintiff's impairments, noted above, but

found that they did not meet or equal one of the listed impairments in 20 C.F.R. § 404, Subpart

P, Appendix 1.  After considering the record, including the hearing testimony and Plaintiff's

medical records, the ALJ found that Plaintiff maintained the Residual Functional Capacity

("RFC") to perform light work, subject to certain limitations.   In addition, the ALJ found that

certain of Plaintiff's statements concerning the intensity, persistence and limiting effects of her

symptoms were not credible to the extent that they were inconsistent with the RFC assessment.

(Id. at 7-8 [Doc. No. 7-2 at 15-16].)   The ALJ found that Plaintiff was capable of performing her

past relevant work as a cafeteria manager and cash office manager, consistent with her RFC.  (Id.

at 8 [Doc. No. 7-2 at 15].)   Ultimately, the ALJ determined that Plaintiff was not disabled for the

applicable period from September 18, 2004 through December 1, 2008 (the date of the ALJ's

decision), and was therefore not entitled to disability benefits.  (Id.)

On December 3, 2010, the Social Security Administration's Appeals Council denied

review of the ALJ's decision (Notice of Appeals Council Action, Tr. at 1 [Doc. No. 7-2 at 2]),

however the Council supplemented the record with certain 2008 treatment notes and a 2009

letter from Plaintiff.  (Order of Appeals Council, Tr. at 4 [Doc. No. 7-2 at 5].)

On February 4, 2011, Plaintiff commenced this action against Defendant Michael Astrue,

Commissioner of the Social Security Administration, appealing the agency's decision.  The

parties both moved for summary judgment, leading to Magistrate Judge Brisbois'

recommendation that summary judgment be granted in Defendant's favor.  In reaching his

recommendation to grant Defendant's motion and to deny Plaintiff's motion, the Magistrate

Judge found that substantial evidence on the record as a whole supported the ALJ's decision.  He

also found that supplemental evidence submitted by Plaintiff in conjunction with her summary

judgment motion did not require remand or reversal of the ALJ's decision.

In her objections, Plaintiff seeks reconsideration based on new medical records and takes

issue with certain factual findings in the ALJ's decision and the R&R.  Batta contends that the

new records demonstrate the deterioration of her lower back and knees, both of which were

addressed in the ALJ's decision.

II.     **DISCUSSION**

This Court's review of the Social Security Administration Commissioner's decision is

to determine whether the Commissioner's findings are supported by substantial
evidence on the record as a whole.  Substantial evidence is less than a
preponderance, but is enough that a reasonable mind would find it adequate to
support the Commissioner's conclusion.  In determining whether existing
evidence is substantial, we consider evidence that detracts from the
Commissioner's decision as well as evidence that supports it.  As long as
substantial evidence in the record supports the Commissioner's decision, we may
not reverse it because substantial evidence exists in the record that would have

supported a contrary outcome or because we would have decided the case differently.

McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000) (citations omitted).

### A.  Substantial Evidence in the Record as a Whole

Liberally construing Plaintiff's pro se pleadings, the Magistrate Judge determined that one ground of Batta's challenge to the ALJ's decision was whether he had improperly considered certain of Plaintiff's activities of daily living in determining her RFC.  After reviewing the entire medical record, the Magistrate Judge properly found that the ALJ's determinations regarding Plaintiff's impairments and her RFC were supported by substantial evidence on the record as a whole.  (R&R at 18 [Doc. No. 19].)  In particular, the Magistrate Judge found that the ALJ's determination was appropriately based on the consideration of all the factors set forth in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).

The Magistrate Judge addressed Plaintiff's ground of appeal that challenged whether the ALJ properly relied on the opinion of a state agency physician who reviewed Batta's medical records without physically examining her. (R&R at 20.)  The Magistrate Judge correctly determined that the state agency medical consultant was not required to physically examine Plaintiff prior to offering an opinion.  The R&R observed that, under federal regulations, the Social Security Administration generally gives greater weight to the opinion of an examining source than to that of a source who has not examined the patient.  (Id.) (citing 20 C.F.R. § 404.1527(d)(1)).  However, the ALJ may consider medical opinions given by state agency medical or psychological consultants.  (Id.) (citing 20 C.F.R. § 404.1527(f)(1)-(3)).  In his decision, the ALJ himself properly acknowledged the weight to which this type of opinion was entitled:

> As for the opinion evidence, the undersigned has considered the opinion of the state agency medical consultant regarding the claimant's functional limitations. . . I have given some weight to this opinion, as it is supported by objective medical findings.  However, it is not entitled to substantial weight, as it does not take into account any of the medical evidence after July 2006.

(ALJ's Decision at 8 [Doc. No. 7-2 at 16].)

The Magistrate Judge also found support on the record as a whole for the ALJ's determination that Batta could perform her past relevant work as a cafeteria manager and cash officer manager, as those positions were not precluded by her RFC.  Plaintiff had asserted that the vocational expert's opinion, as relied on by the ALJ, was erroneous because both of her prior work positions were "very exertional and stressful." (R&R at 21) (citing Tr. at 92.)  The Magistrate Judge correctly found that the ALJ's reliance on the opinion of the vocational expert was proper.  Under the applicable regulations, "[a] vocational expert or specialist may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy."  20 C.F.R. § 404.1560(b)(2).

In her Objections, Plaintiff challenges certain factual findings in the ALJ's decision that she apparently did not raise in her Motion for Summary Judgment.  The Court notes that Defendant had an opportunity to respond to the arguments raised in Plaintiff's Objections to the R&R.  In addition, Plaintiff raises objections with respect to limited factual matters in the R&R. First, Batta challenges the ALJ's conclusion that while Plaintiff claimed that medications made her drowsy and tired, she never mentioned it to her doctor.  In her Objections, Plaintiff cites to a portion of the administrative record involving a February 26, 2008 doctor's visit with Dr. Noran, in which the doctor indicates that Batta reported feeling fatigued when taking a medication

called Neurontin.  (Objections at 4) (citing to Tr. at 339.)  However, the ALJ's decision

specifically considered this particular medical visit and medication, noting it as an exception in

the record:

> The claimant testified that she suffers fatigue and dizziness due to her
> medications.  However, I note that she has never complained of these side effects
> to her treating physicians, <u>with the exception of Neurontin, which was then
> discontinued</u>.

(ALJ's Decision at 7 [Doc. No. 7-2 at 15]) (citing Exhibit 14F at 24) (emphasis added)..

The ALJ clearly accounted for this exception and, in fact, cited to the very same page of the

Administrative Record  (Exhibit 14F at page 24) to which Plaintiff cites in her Objections (page

339 of the Administrative Record).

Plaintiff also apparently challenges a finding of the ALJ as contradictory.  Batta argues

that while the ALJ found that she maintained good relationships with her mother, husband, son

and granddaughter, on a particular office visit with Dr. Noran (for which Plaintiff provides no

citation), she presented as irritable.  The Court finds no inconsistency in the conclusion that the

claimant had positive interpersonal relationships overall, yet, on a given occasion, presented to a

medical provider as irritable.   This evidence does not detract from the substantial evidence on

the record as a whole and does not provide a basis for reversal or remand.

In addition, Plaintiff challenges the R&R's reference to Plaintiff's ability to care for her

"mother and granddaughter." (<u>See</u> R&R at 17) (stating, "In that light, it appears that she

challenges the ALJ's determination that she was not disabled because the ALJ considered that

she was able to take care of her mother and granddaughter.") In her Objections, Plaintiff

contends that there is no evidence supporting any care of her mother, other than noting that she

visited her mother infrequently.  It appears that the Magistrate Judge inadvertently confused

Plaintiff's relationship with her mother and mother-in-law.  Ample information in the record, and in the ALJ's ruling, supports the fact that Plaintiff cared for her granddaughter and mother-in-law.  Any misstatement in the R&R as to the particular relationship (i.e., mother-in-law versus mother) is immaterial and has no bearing on whether the ALJ's decision is supported by substantial evidence on the record as a whole.  This is not a basis for reversal or remand.

Plaintiff also refers to certain medical records found in the Administrative Record in her Objections.  Assuming that Plaintiff challenges the ALJ's consideration of this evidence, the Court notes that the ALJ specifically considered her MRI records.  (See ALJ's Decision at 4 [Doc. No. 7-2 at 12].)  In addition, the Magistrate Judge specifically reviewed records found at pages 421 and 427-28 of the Administrative Record, to which Plaintiff cites in her Objections, and which were submitted to the Appeals Council after the ALJ's Decision.  This evidence is discussed in more detail in the following section of this order, in which the Court finds that the evidence in question was not material to the ALJ's decision.   While it is unclear for what purpose Batta cites to these particular medical records, it is clear that the ALJ and Appeals Council considered the evidence in question and nothing in these documents entitles Plaintiff to reversal or remand.

Finally, Plaintiff argues that the ALJ interrupted her at the administrative hearing and would not allow her to finish her statements.  (Objections at 4.)  Specifically, she refers to testimony in the hearing in which she indicated that she was switching doctors and was experiencing difficulty with her legs, although she provides no citation for this testimony.  The Court is not entirely clear as to the testimony to which Plaintiff refers.  However, having reviewed the entire transcript, the Court finds no evidence that Plaintiff was denied a full and fair

opportunity to be heard, nor that she was intentionally cut off in responding to questions.  On the

contrary, at the conclusion of the hearing, the ALJ offered Plaintiff the opportunity to question

the VE's testimony and then asked, generally, "Well, is there anything else we haven't

discussed?"  (Hearing Transcript at 41 [Doc. No. 7-2 at 42].)  Plaintiff responded, "Not that I can

remember."  (Id.)

To the extent that Plaintiff argues that any of these factual issues demonstrates that the

ALJ's decision is not supported by substantial evidence on the record as a whole, the Court

rejects that contention.  The specific grounds identified by Plaintiff challenging the evidentiary

basis of the opinion do not support a different conclusion nor do they warrant remand.

**B.      Plaintiff's Additional Evidence**

The Magistrate Judge also considered two categories of additional evidence that Plaintiff

submitted.  The first category involved evidence that Plaintiff provided to the Appeals Council

following the ALJ's decision.   The second category of additional evidence consisted of evidence

that Plaintiff submitted in support of her Motion for Summary Judgment, filed with this Court.

As to the first category of evidence, the Eighth Circuit has held:

> [o]nce it is clear that the Appeals Council has considered newly submitted
> evidence, we do not evaluate the Appeals Council's decision to deny review.
> Instead, our role is limited to deciding whether the administrative law judge's
> determination is supported by substantial evidence on the record as a whole,
> including the new evidence submitted after the determination was made.

Riley v. Shalala, 18 F.3d 619, 622 (8th Cir. 1994).

The Magistrate Judge acknowledged that while the Appeals Council did not provide

detailed reasoning in support of its decision to deny review of the ALJ's decision, Magistrate

Judge Brisbois found that the Appeals Council explicitly stated that it had considered Plaintiff's

grounds of appeal <u>and her additional evidence</u>.  While the Appeals Council observed that it could review the case if it received new and material evidence to which the weight of the ALJ's decision was rendered contrary, it found that Plaintiff's newly submitted evidence did not provide a basis for changing the ALJ's decision.  The Magistrate Judge agreed with the Appeals Council's conclusions, and upon independent review of the evidence in question, found that the ALJ's decision was still supported by substantial evidence on the record as a whole.  This Court agrees, particularly as the records in question demonstrate similar symptoms and similar diagnoses as those considered by the ALJ in Batta's previous medical records.

As to the second category of newly submitted evidence –  two letters submitted by more recent treating physicians which Batta provided to this Court in connection with her motion – the Magistrate Judge applied the correct legal standard and properly concluded that the letters were not material.  Where new evidence is presented directly to a reviewing court, "the court may remand to the Secretary only if the evidence is material and the claimant shows 'good cause for failure to incorporate such evidence into the record in a prior proceeding.'" <u>Box v. Shalala</u>, 52 F.3d 168, 172 n.4 (8th Cir. 1995 ) (quoting 42 U.S.C. § 405(g)).  In addition, "[m]edical evidence obtained after an ALJ decision is material if it relates to the claimant's condition on or before the date of the ALJ's decision."  <u>Williams v. Shalala</u>, 905 F.2d 214, 215 (8th Cir. 1990). The
 Magistrate Judge concluded that Batta made no showing of good cause for why she had failed to present these letters to the Appeals Council, even though one of the letters predated the Appeals Council's decision, and the other letter was dated slightly over a month after the decision.  In addition, because the letters were wholly conclusory, the Magistrate Judge concluded that they

were not material.  Furthermore, the letters, written in August 2010 and January 2011, did not

explicitly purport to relate to Plaintiff's condition on or before the date of the ALJ's decision.

Rather, as the Magistrate Judge noted, one of the letters stated that Plaintiff "is currently not

working" and "currently is limited . . .," while the other letter offered no temporal frame of

reference, other than stating that Plaintiff was a "recently seen" patient.  For these reasons, this

Court finds that the Magistrate Judge properly found that this additional evidence did not

warrant remand, as Plaintiff had failed to demonstrate good cause and the evidence was not

material.

Finally, Plaintiff has submitted new evidence directly to this Court in connection with

filing her Objections to the R&R.  This evidence was not before the Magistrate Judge.  As stated

above, any new evidence submitted to the reviewing court must be material and must be related

to the claimant's condition on or before the date of the ALJ's decision.  42 U.S.C. § 405(g).

Moreover, the claimant must demonstrate good cause for the delay in submission of the

evidence.  Id.  The evidence in question consists of medical records from January 2011,

November 2011 and January 2012.  (Attachments to Objections at 1-27 [Doc. No 21-1].)  In

addition, Plaintiff submits two letters from treating physicians.  (Id.)  The first letter from Dr.

Richard C. Birdwell, indicates that Batta has been under his care from December 23, 2011

through the date of the letter, January 13, 2012.  Dr. Birdwell addresses Plaintiff's knee pain and

states that she has moderate to severe degenerative joint disease in both knees and is not a good

candidate for total joint replacements.  (Id. at 9 [Doc. No. 21-1].)

The second letter, dated July 5, 2011, from Dr. Rick Bosacker provides that Plaintiff is

under his care for multiple diagnoses and, primarily because of osteoarthritis, she is unable to

perform many activities that might be necessary for gainful employment.  (Id. at 13 [Doc. No. 21-1].)  Dr. Bosacker provides the following limitations: no lifting above ten pounds, minimal, minor bending or twisting, avoiding prolonged sitting or standing more than 30 minutes at a time without change of position, no climbing ladders, minimal stair use, no pushing above 40 pounds, avoiding mentally or emotionally stressful activities or stressful interpersonal interactions, and avoiding extremes of heat.  (Id.)

Plaintiff's recently submitted evidence documents deterioration of certain impairments beyond what is reflected in the ALJ's decision.  Specifically, the ALJ found in December 2008 that x-rays of Plaintiff's knees and lumbar spine showed only minimal degenerative changes and that her primary care provider noted that Plaintiff's symptoms did not correlate with radiographic findings.  (ALJ Decision at 7 [Doc. No. 7-2 at 15].)  In the newly submitted evidence, Dr. Birdwell states that Plaintiff has moderate to severe joint disease for which knee surgery is precluded.  However, nothing in the evidence submitted to this Court contradicts the ALJ's findings on or before the date of his decision.  "An implicit requirement is that the new evidence pertain to the time period for which benefits are sought, and that it not concern later-acquired disabilities or subsequent deterioration of a previously non-disabling condition."  Jones v. Callahan, 122 F.3d 1148, 1154 (8th Cir. 1997) (emphasis added).  Dr. Birdwell provides that Plaintiff has been under his care as of December 2011.  Similarly, Dr. Bosacker does not provide any backward-looking frames of reference in his letter of July 5, 2011.  Rather, he notes the "active" diagnoses for which he treats Batta and provides a conclusory list of workplace restrictions.  While some of this evidence may arguably show a deterioration in Plaintiff's condition, to the extent that it shows deterioration, the evidence is dated three years after the date

of the ALJ's decision, and some months after the Commissioner's final decision denying
Plaintiff's request for review.

"Additional evidence showing a deterioration in a claimant's condition significantly
after the date of the Commissioner's final decision is not a material basis for remand, although it
may be grounds for a new application for benefits." Jones, 122 F.3d at 1154.  In Jones, the
district court denied the plaintiff's request for remand involving later-submitted evidence dated
eight months after the Appeals Council adopted the ALJ's decision.  Id.   In this case, the
Appeals Council denied Plaintiff's request for review on December 3, 2010.  (Notice of Appeals
Council Action [Doc. No. 7-2 at 2].)   Here, Plaintiff's July 5, 2011 letter from Dr. Bosacker was
submitted seven months after the Appeals Council denied Batta's request for review.  Notably,
Dr. Bosacker's letter does not describe a worsening condition, nor does it ascribe any temporal
reference to the proposed work restrictions.  Similarly, Dr. Birdwell's letter is dated over a year
after the date of the Commissioner's final decision and it likewise contains no backward
temporal assessment.  The Court presumes that Plaintiff fails to identify good cause for not
providing these documents to the Appeal Council because the medical evidence simply did not
exist at that time, nor did it exist for several months after the December 3, 2010 date of the
Commissioner's final decision.  Because the evidence in question is outside the record before the
Commissioner during the administrative proceedings, remand is not appropriate.  See 42 U.S.C.
§ 405(g).  However, as the Eighth Circuit suggests, while Plaintiff's newly submitted evidence is
not a basis for remand, it may be grounds for a new application for benefits.

III.     CONCLUSION

Because the ALJ's conclusions are supported by substantial evidence on the record as a

whole, summary judgment is granted as to Defendant.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1       The Report and Recommendation [Doc. No. 19] is **ADOPTED**;

2.      Plaintiffs' Motion for Summary Judgment [Doc. No. 11] is **DENIED**; and

3.      Defendant's Motion for Summary Judgment [Doc.  No. 16] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 21, 2012

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge